

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
ATTORNEY GENERAL

Honorable Ennis Favors, Chairman
Privileges, Suffrage and Elections Committee
House of Representatives
Austin, Texas

Dear Mr. Favors:

Opinion No. O-5166

Re: Constitutionality of House
Bill No. 37, insofar as it
would affect a contested election.

Your request for an opinion from this department is as follows:

"House Bill No. 37 will soon be before the House for consideration. This bill pertains to the secret ballot. I would appreciate a ruling as to the constitutionality of this bill, insofar as it would affect a contested election."

Copy of the Bill accompanies your request.

We beg to advise that whatever bearing House Bill No. 37, if enacted into law, might have upon contested elections, the constitutionality of the Act would not be involved.

It is elementary that the Legislature has all power of legislation, subject only to the qualification that no act is valid that is forbidden by the Constitution. The Legislature does not have to have express authority in the Constitution to enable it to make law, but on the contrary, one attacking an act upon constitutional grounds must be able to show clearly -- beyond a reasonable doubt -- that the Act is void, by reason of some specific provision of the Constitution forbidding it.

The Constitution does not attempt to regulate contested elections, nor does it give to any one a vested right in the proceeding of contest, as a remedy. Ordinarily, no one has a vested right in a particular remedy.

It may be that the method of numbering the tickets provided for in the Bill might make a contest futile in any event. Even so, that would

not affect the constitutionality of the Act, under the holding of the Supreme Court in Wood v. State, 126 S.W.(2d) 4.

The Court there upheld the validity of an election at which voting machines were used. In speaking of Section 4, Article VI of the Constitution, it said:

"It requires that in all elections by the people the tickets shall be numbered. * * *. The first requirement of the above constitutional provision is that in all elections by the people the vote shall be by ballot. We think that this provision simply means that the voter in all elections shall be accorded a secret vote or ballot. * * *. It is provided that the tickets shall be numbered. Of course, the word 'ticket,' as here used means the same as the word 'ballot.' The ballot must be numbered. If we understand this record, the election officers kept a poll list which showed the name and number of each voter. When the voter registered his vote on the machine, it (the machine) recorded the number of the ballot. To our minds this meets the requirement of the Constitution. As we understand this machine, it is not possible from the record made by it to determine, in an election contest, how each voter voted. Be that as it may, the Constitution contains no such requirement. The Constitution simply requires that the ticket shall be numbered. The machine does that. * * *. We think that one of the ways to ascertain how a voter voted, where a machine like this has been used, is to put such voter on the witness stand, and ask him the question. He can answer disclosing how he voted, if he so chooses. This is a matter the voter himself can control. On the other hand, the Constitution guarantees each voter a secret ballot; consequently, he can decline to reveal how he voted, if he so chooses."

Trusting that what we have said will be a sufficient and satisfactory answer, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

OS:MR

By s/ Ocie Speer,
Assistant

APPROVED: Apr. 1, 1943
s/ Grover Sellers
First Assistant
Attorney General

APPROVED
Opinion Committee
By BWB, Chairman